UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CAROLYN B. TALOSIG AND DARWIN A. TALOSIG,

Plaintiffs,

v.

US BANK N.A.; CALIBER HOME LOANS, INC.; et al.,

Defendants.

No. 2:15-cv-2433-MCE-CKD

**MEMORANDUM AND ORDER**

Plaintiffs Carolyn Talosig and Darwin Talosig ("Plaintiffs") allege that Defendants US Bank, N.A., Caliber Home Loans, et al. (collectively "Defendants") wrongfully foreclosed on Plaintiffs' home. Presently before the Court is Defendant's Motion to Dismiss.[1] ECF No. 5. In addition to their timely opposition and reply, both parties filed supplemental briefs addressing the issue of judicial estoppel at the Court's request. ECF Nos. 16 and 18. For the reasons that follow, Defendant's Motion is GRANTED.

///

///

///

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g). ECF No. 15.

## BACKGROUND[2]

Plaintiffs are former homeowners and mortgagors. In February 2007, Plaintiffs purchased a home at 2248 Katherine Place in Manteca, CA, with a promissory note for $572,183.15, secured by a deed of trust (the "mortgage"). In September 2013, a Notice of Default was recorded on the mortgage. ECF No. 6, Ex. A. In July 2014, U.S. Bank recorded a Notice of Trustee Sale against the home. According to Plaintiffs, HSBC serviced the mortgage until transferring servicing duties to Caliber Home Loans "sometime in the fourth quarter of 2014." Plaintiffs allege that they never received the required notice of this servicing transfer. By October 2014, Plaintiffs were "severely in arrears" on their mortgage. Between October 2014 and January 27, 2015, Plaintiffs allege they were unable to discover who serviced the mortgage. During the same period, Plaintiffs' representative succeeded in postponing the foreclosure sale several times. On January 21, 2015, the trustee sale agent allegedly told Plaintiffs' representative that the foreclosure sale would be postponed until mid-February 2015. In spite of this representation, the trustee sale agent conducted the foreclosure sale on January 27, 2015. Plaintiff Carolyn Talosig filed bankruptcy that same day but failed to stop the sale. On February 11, 2015, Carolyn submitted a bankruptcy schedule listing Caliber Home Loans as a secured creditor. ECF No. 6, Ex. E. The schedule did not list any contingent claims as assets. Id. On May 21, 2015, Carolyn was granted a discharge in bankruptcy. ECF No. 6, Ex. C. On June 23, 2015, the bankruptcy case was closed. Id.

After the bankruptcy concluded, Plaintiffs filed the operative Complaint in this action, alleging three causes of action. ECF No. 1. Plaintiffs' claims include:

[2] This statement of facts is based on allegations in Plaintiffs' Complaint (ECF No. 1) and on judicially noticed facts which the Court may properly consider under Federal Rule of Evidence 201(b). Defendants requested that the Court take judicial notice of documents filed in course of the foreclosure and bankruptcy proceedings. ECF No. 6. That request is unopposed and is granted. The court takes judicial notice of: "Notice of Default" (ECF No. 6, Ex. A); "CM/ECF Docket 15-20550" (ECF No. 6, Ex. C); and "Summary of Schedules" (ECF No. 6, Ex. E).

(1) negligent servicing of the mortgage loan; (2) promissory estoppel (seeking damages); and (3) seeking to quiet title in the Plaintiffs.

Defendants seek dismissal under Rule 12(b)(6) for lack of standing, failure to allege tender, and inadequate pleadings. ECF No. 5. Defendants filed a Request for Judicial Notice in support of the Motion to Dismiss. ECF No. 6. At the Court's request, the parties also filed supplemental briefs addressing whether the doctrine of judicial estoppel bars Plaintiffs' claims.

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

When evaluating the adequacy of a complaint, the court may consider exhibits submitted with the complaint or those subject to judicial notice, without converting a motion to dismiss into a motion for summary judgment. Lee v. City of Los Angeles,

///

250 F.3d 668, 689 (9th Cir. 2001). A court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

In the bankruptcy context, a party is "judicially estopped from asserting a cause of action not . . . mentioned in the debtor's schedules or disclosure statements." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782-83 (9th Cir. 2001). "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." Id. at 784. The duty to disclose contingent claims continues throughout the bankruptcy proceeding. Id. at 785. Not all facts need be known before a debtor is required to notify

the bankruptcy court of the potential asset. See Hay v First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992). Thus, a plaintiff who fails to fulfill this duty to inform the bankruptcy court of potential claims risks having those claims barred by judicial estoppel. Becker v. Wells Fargo Bank, N.A., 2012 WL 5187792, at *3 (E.D. Cal. Oct. 18, 2012). Because the plaintiff-debtor represents in the bankruptcy case that no claim existed, the plaintiff is estopped from representing in the lawsuit that a claim does exist. Ah Quin v. Cnty. Of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013).

Courts employ a three-part test to determine whether judicial estoppel should bar a party's claims: (1) whether the party's later position is clearly inconsistent with its original positon; (2) whether the party has successfully persuaded the court of the earlier position; and (3) whether allowing the inconsistent position would allow the party to derive an unfair advantage or impose and unfair detriment to the opposing party. Hamilton, 270 F.3d at 782-83; United States v. Ibrahim, 522 F.3d 1003, 1009 (9th Cir. 2008); Cagle v. C & S Wholesale Grocers, Inc., 505 B.R. 534, 538 (E.D. Cal. 2014). A court can decline to apply judicial estoppel where the inconsistent positions were the result of mistake or inadvertence. Ah Quin, 733 F.3d at 271-72.

In Hamilton, the Ninth Circuit affirmed an application of judicial estoppel to preclude a plaintiff from bringing claims against his insurance company after he failed to list those claims as assets on his Chapter 7 bankruptcy schedule. 270 F.3d at 785. Failure to list potential claims "deceived the bankruptcy court and [plaintiff's] creditors," who relied on the schedules. Id. Similarly, the court in Becker applied judicial estoppel when a plaintiff filed suit against a mortgage lender alleging wrongful conduct related to a residential loan and foreclosure. 2012 WL 5187792, at *3-4. The Becker court found the plaintiff to be estopped from bringing his claim after omitting the claim from his bankruptcy filings and failing to file an amended schedule. Id. at *4. See also Reagan v. Wells Fargo Bank, N.A., 2013 WL 1402990 (E.D. Cal. Apr. 5, 2013) (applying judicial estoppel where claims arose during bankruptcy proceedings); Arruda v. C & H Sugar

///

Co., Inc., 2007 WL 754627 (E.D. Cal. Mar. 8, 2007) (applying judicial estoppel for failure to include employment claims on bankruptcy schedules).

**A. Judicial Estoppel Bars Plaintiffs' Claims**

Plaintiffs' claims arose prior to the bankruptcy petition and should have been included on Carolyn's bankruptcy schedules. Even giving Plaintiffs some leeway in their awareness of facts relating to their claim, there is no doubt that they were aware of sufficient facts giving rise to the claims alleged in this action, such that the claims should have been listed in the bankruptcy schedule. The essential facts giving rise to Plaintiffs' claims are: an alleged failure to provide notice of servicing transfer "sometime in the fourth quarter of 2014," a broken promise to postpone the foreclosure sale; and the ultimate foreclosure sale on January 27, 2015. ECF No. 1, ¶¶ 17, 26, 34. Plaintiffs do not dispute that these events all occurred prior to the bankruptcy petition. Plaintiffs' Complaint makes clear that Plaintiffs were aware of problems with loan servicers as of January 27, 2015. ECF No. 1, ¶¶ 18-19. The Complaint also makes clear that by January 27, 2015, Plaintiffs learned that the foreclosure sale had occurred, in violation of the purported promise to postpone the sale. ECF No. 1, ¶ 26. In addition, their claim for quiet title is rooted in events that led to the foreclosure. ECF No. 1, ¶¶ 32-34. Even assuming that Plaintiffs were not aware of all facts having to do with their claim, it is clear that they knew enough to require disclosure to the bankruptcy court. See Hay, 978 F.2d at 557.

The Hamilton factors support application of judicial estoppel to Plaintiffs' claims. First, Plaintiffs' positions were clearly inconsistent. Plaintiffs represented to the bankruptcy court that they did not possess any contingent claims as assets. Now, Plaintiffs seek to bring those unlisted claims in this Court. Plaintiffs argue that they were unaware of their claims until consulting with a lawyer and, presumably, seek to claim inadvertence or mistake in failing to disclose their claims. ECF No. 18 at 3. However, Plaintiffs point to no facts which might overcome a presumption of deliberateness in failing to schedule causes of action. See Ah Quin, 733 F.3d at 272-73 ("[G]iven the

strong need for full disclosure in bankruptcy proceedings . . . it makes sense to apply a presumption of deliberate manipulation.") Plaintiffs have not sought to reopen their bankruptcy to amend their schedules in the months following the bankruptcy and the beginning of this action. See Dzakula v. McHugh, 746 F.3d 399, 401-402 (9th Cir. 2013) (no showing of inadvertence or mistake without timely amendment); Ah Quin, 733 F.3d at 272-73 (presumption of deliberate manipulation not appropriate where plaintiff has reopened bankruptcy to correct error). In light of the failure to disclose and the subsequent failure to amend, there is no reason to assume that Plaintiffs' inconsistent representations were anything but deliberate.

Second, Plaintiffs successfully persuaded the court of the earlier position (that they did not possess these claims). A discharge of debt by a bankruptcy court is sufficient acceptance of a debtor's assertions to provide a basis for judicial estoppel. Hamilton, 270 F.3d at 784. In this case, Plaintiffs represented to the bankruptcy court that they had no contingent claims. The bankruptcy court relied on this representation when it granted Plaintiffs' bankruptcy discharge.

Finally, Plaintiffs derived an unfair advantage in bankruptcy court by failing to list their claims. Plaintiffs' bankruptcy trustee and creditors relied on Plaintiffs' bankruptcy schedules to determine what action, if any, they would take in the bankruptcy proceeding. See Hamilton, 270 F.3d at 785 (finding unfair advantage where plaintiff received a Chapter 7 discharge).

Plaintiffs' failure to disclose their claims satisfies the Hamilton factors. Plaintiffs are therefore judicially estopped from pursuing the present claims against Defendants.

**B. Plaintiff Darwin Talosig's Claims Are Part of the Bankruptcy Estate**

Plaintiffs argue that even if Plaintiff Carolyn Talosig's claims are judicially estopped, Plaintiff Darwin Talosig's claims are not barred. Plaintiffs argue that only Carolyn filed for bankruptcy, and thus only her claims are barred.

The bankruptcy estate includes "all interests of the debtor and the debtor's spouse in community property as of the commencement of the case." 11 U.S.C.

§ 541(a)(2). In California, property acquired in joint form during marriage is presumed to be community property. See Cal. Fam. Code §§ 760, 2581. Thus for the purposes of § 541(a)(2), all community property not divided at the time of the bankruptcy filing is property of the bankruptcy estate. In re Mantle, 153 F.3d 1082, 1085 (9th Cir. 1998).

Plaintiffs' present claims, which arose during the marriage, are community property. The claims, as community property of the debtor (Carolyn) and the debtor's spouse (Darwin), became property of the bankruptcy estate when Carolyn petitioned for bankruptcy. Carolyn was therefore required to disclose the claims on her bankruptcy schedules. She failed to do so. Because of this failure, the Court invokes judicial estoppel to bar both Plaintiffs' claims.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 5) is GRANTED without leave to amend. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: February 16, 2016

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT